UNITED STATES of America,
Plaintiff–Appellee,

v.

Cristobal FIGUEROA–MAGANA,
Defendant–Appellant.

No. 14–50420.

United States Court of Appeals,
Ninth Circuit.

Submitted June 22, 2015.*

Filed June 25, 2015.

Jarad E. Hodes, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Doug Keller, Federal Defenders of San Diego, San Diego, CA, for Defendant–Appellant.

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Cristobal Figueroa–Magana appeals from the district court's judgment and challenges the 18–month custodial sentence and three-year term of supervised release imposed following his guilty-plea conviction for fraud and misuse of visas, permits, and other entry documents, in violation of 18 U.S.C. § 1546. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Figueroa–Magana contends that the three-year term of supervised release is substantively unreasonable in light of his circumstances and U.S.S.G. § 5D1.1(c). The district court did not abuse its discretion. See United States v. Valdavinos–Torres, 704 F.3d 679, 692 (9th Cir.2012). The term is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Figueroa–Magana's significant criminal history. See U.S.S.G. § 5D1.1 cmt. n. 5; Valdavinos–Torres, 704 F.3d at 692–93.

Figueroa–Magana next contends that the government breached the plea agreement by recommending a term of supervised release. We review for plain error, see United States v. Whitney, 673 F.3d 965, 970 (9th Cir.2012), and find none. Figueroa–Magana has not shown a breach because the plea agreement advised him that a term of supervised release was one of the statutory penalties for his offense, and the agreement was silent regarding whether the government could recommend a term of supervised release. See United States v. Franco–Lopez, 312 F.3d 984, 989 (9th Cir.2002) (construing plea agreement based on what the defendant reasonably believed to be its terms at the time of the plea).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.